UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MICHAEL EDWARD SALAZAR**        :        **CIVIL ACTION NO. 14-cv-3122**
      **BOP #03086-380**                                                **SECTION P**

**VERSUS**                                   :        **JUDGE TRIMBLE**

**C. MAIORANA**                      :        **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

Before the court is a petition for a writ of *habeas corpus* filed, *pro se*, pursuant to 28 U.S.C. § 2241 by petitioner Michael Edward Salazar (hereinafter "Salazar"), an inmate in custody of the Federal Bureau of Prisons. He is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

**I.**
**BACKGROUND**

On November 1, 2012, Salazar pled guilty before United States District Court for the Western District of Texas, (Waco Division) to violations of 21 U.S.C. § 841 and § 860, possession with intent to distribute methamphetamine, a Schedule II controlled substance, within 1000 feet of a public school. Doc. 25. p. 1. He was sentenced by that court on January 3, 2013, to 188 months imprisonment. *Id.* On January 6, 2014, Salazar filed a 28 U.S.C. § 2255, motion to vacate, set aside, or correct his sentence which was denied on September 17, 2014. Docs. 28, 38.

On October 28, 2014, Salazar filed the instant *habeas* petition pursuant to 28 U.S.C. § 2241 claiming that, pursuant to *Descamps v. United States*, 133 S. Ct. 2276 (2013), his sentence exceeds the prescribed maximum penalty since he is actually innocent of his prior conviction because it no longer qualifies as a predicate offense for career offender status under § 4B1.1 of the sentencing guidelines.  Doc. 1, att. 1, p. 1.

## II.
### LAW AND ANALYSIS

As an initial matter we must determine whether Salazar's claims are properly raised in a *habeas* petition under 28 U.S.C. § 2241. Generally, a collateral attack on a federal criminal conviction is limited to a motion to correct, vacate, or set aside sentence under § 2255, *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000); *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) and normally, a § 2241 *habeas* petition is not a substitute for a motion under § 2255. However, a § 2241 petition may be properly construed a § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Tolliver*, 211 F.3d at 877, 878. The so called "savings clause" of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001); *Reyes–Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001). The burden of demonstrating the inadequacy or ineffectiveness of § 2255 rests on the petitioner. *Jeffers,* 253 F.3d at 830.

A prisoner seeking such relief under the "savings clause" must establish: (1) that his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) that his claim was foreclosed by circuit law at the time it should have been raised in his trial, appeal, or first motion under § 2255. *Reyes-Requena*, 243 F.3d at 904. Salazar simply does not satisfy the criteria set forth above.  He has pointed to no

retroactively applicable Supreme Court decision which would establish that he was convicted of a nonexistent offense. His reliance on *Descamps* is misplaced. The Supreme Court has unequivocally stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). The Court has not declared *Descamps* retroactively applicable on collateral review. *See In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015) ("Nothing in *Descamps* indicates that its holding announced a new rule that was constitutionally based, and *Descamps* did not announce that its holding applied retroactively to cases on collateral review.")

Further, the Fifth Circuit has consistently disallowed claims attacking sentence enhancements under the savings clause. In *Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011), for instance, the court held that a claim of actual innocence of a sentencing enhancement "is not a claim of actual innocence of the crime of conviction and, thus, [is] not the type of claim that warrants review under Section 2241." 660 F.3d at 230; *see also Kinder v. Purdy,* 222 F.3d 209, 213, 214 (5th Cir. 2000) (a claim of actual innocence of a career-offender enhancement is not properly raised in § 2241 petition because petitioner is not claiming actual innocence of the crime of which he was convicted but only his innocence as to the sentence enhancement).

For the reasons stated, it is clear that Salazar cannot rely on the savings clause of § 2255 to bring this motion under § 2241.

### III.
#### CONCLUSION

Since Salazar has not met the savings clause requirements, his claims are not properly brought under § 2241 and this court lacks jurisdiction to consider his claims under § 2255. In sum, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the savings clause.

Accordingly, **IT IS RECOMMENDED** that this petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 9th day of September, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE